**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

**SHERMAN DIVISION**

| | |
|---|---|
| INNOVATION SCIENCES, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>              Defendant. | Civil Action No. 4:19-cv-769<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Innovation Sciences, LLC ("Innovation" or "Plaintiff"), for its Complaint against Defendant Amazon.com, Inc. ("Amazon" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff is a corporation organized under the laws of the State of Texas with a place of business at 5800 Legacy Circle, Suite 311, Plano, Texas 75024.

3. Upon information and belief, Defendant Amazon is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109, and can be served through its registered agent, Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, DE 19808. Upon information and belief, Amazon sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the stream of

commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Amazon is a foreign corporation and may be sued in this judicial district. Venue is further proper because, upon information and belief, Amazon has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district.

7. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because it has sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or the Texas Long Arm Statute because Defendant purposefully availed itself of the privileges of conducting business in the State of Texas and in this District, because Defendant regularly conducts and solicits business within the State of Texas and within this District, and because Plaintiff's causes of action arise directly from each of Defendant's business contacts and other activities in the State of Texas and this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,368,125

8. The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9. On July 30, 2019, U.S. Patent No. 10,368,125 ("the '125 Patent"), entitled "METHOD AND SYSTEM FOR EFFICIENT COMMUNICATION," was duly and legally

issued by the United States Patent and Trademark Office. A true and correct copy of the '125 Patent is attached as Exhibit 1.

10. The inventions of the '125 Patent provide for efficient communications and resolve technical problems related to the use of a multi-function wireless hub for information processing. For example, the '125 Patent overcomes limitations in the prior art relating to efficiently delivering multimedia information content received over a wireless communication network. Furthermore, the '125 Patent overcomes limitations in the prior art relating to providing alerts as to the status of an item over the internet or other next-generation wireless communication network.

11. The inventions allow a user to efficiently set up a system comprising a hub configured to receive and convert wireless signals, as well as to communicate information concerning status updates for associated devices via multiple channels.

12. The claims of the '125 Patent recite an invention that is not merely the routine or conventional use of a wireless hub system. Instead, the invention integrates multiple wireless communications via cloud computing and management. For example, this invention uses WiFi and cellular networks and separate short range wireless channels to communicate information regarding the status of office/home devices.

13. The technology claimed in the '125 Patent does not preempt all ways of using wireless hub based decoding or monitoring systems, nor preempt the use of all wireless hub based decoding or monitoring systems, nor preempt any other well-known or prior art technology.

14. Accordingly, each claim of the '125 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

15. Plaintiff is the assignee and owner of the right, title and interest in and to the '125 Patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

16. Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 38, and/or 47 of the '125 Patent by making, using, offering to sell, selling, importing and/or providing and causing to be used in the United States a wireless hub system, including but not limited to the Amazon Echo, Echo Plus, Echo Show, Echo Dot, and Echo Spot of all versions and generations, and Amazon Cloud Cam devices, along with Amazon's Alexa voice service and associated back-end servers; the Amazon Fire TV/Stick family of devices including Fire TV Cube and associated back-end servers; and Amazon Fire tablets of all versions and generations. Collectively, the Accused Echo, Fire TV/Stick/Cub, and Tablets Instrumentalities are referred to herein as the "Accused Instrumentalities". The "Accused Instrumentalities" include all current and future Amazon products, systems, and/or devices which operate in substantially similar fashion so as to infringe one or more claims of the '125 Patent.



https://www.amazon.com/Amazon-Echo-And-Alexa-Devices/b?ie=UTF8&node=9818047011

17. By way of example, claim 47 of the '125 Patent recites an intelligent wireless hub system having a device identifier, configured to receive a wireless signal through a local area network communication channel. The claimed hub system converts the compressed wireless signal by decompression to produce corresponding information content. The wireless hub system is further configured to communicate information regarding the status of an item in connection with a separate short range communication.

18. The Accused Instrumentalities infringe claim 47 of the '125 Patent, because each of the Accused Instrumentalities acts as an intelligent wireless hub system configured to receive,

Page 5 of 11

through a wireless network communication channel and via a network interface, a wireless signal, decompress the signal with a decoder, and convert it for production of corresponding information content. The Accused Instrumentalities are further configured to communicate information regarding an updated status of a device based on a short range communication initiated by a sensing device associated with a home or office device.

19. The Accused Instrumentalities each include a network interface configured to receive compressed wireless signals via a network communication channel. For example, the Accused Instrumentalities can receive a wireless signal through a Wireless Local Area Network (WLAN) or Wi-Fi network, or a cellular network.

20. The Accused Instrumentalities each have a decoder. For example, the processors used in the Accused '125 Instrumentalities have codecs used to decode video and audio signals.

21. The Accused Instrumentalities support different compressed video and audio formats that are decompressed by the codecs included in the processors for the Accused Instrumentalities. Examples of compressed audio file formats that can be handled by the Accused Instrumentalities include one or more of .3gp, .mp4, .m4a, .aac, .ts., .flac, .mp3, .mid, .ogg, .mkv, .wav, and .amr.

22. Examples of compressed video file formats that can be handled by the Accused Instrumentalities include one or more of .3gp, .mp4, .m4a, .aac, and .ts.

23. The Accused Instrumentalities each have a network interface configured to provide a communication through a network communication channel. For example, each of the Accused Instrumentalities can provide a communication through a communication channel established on a Wi-Fi or cellular network.

24. Each of the Accused Instrumentalities are further configured to communicate, via the network communication channel, information regarding an updated status about a home or office device, based on a short range wireless communication (via, for example, Zigbee or Z-Wave channel) initiated by a sensing device associated with such home or office device. For example, each of the Accused Instrumentalities, using the Amazon Alexa that comes with it, can control, monitor, or otherwise manage a status of an item, such as a smart home device. In order to control or monitor a status of an item, the Accused Instrumentalities are configured to communicate information (for example) through a communication channel established on a Wi-Fi connection.

25. The Accused Instrumentalities communicate with smart devices, such as smart light switches. See, e.g., https://www.amazon.com/all-new-amazon-echo-speaker-with-wifi-alexa-heather-gray/dp/B0749WVS7J. Furthermore, the Amazon Echo Plus has built in smart hub functionality to communicate with smart devices, such as smart light bulbs.

Amazon Device Support › Alexa Support › Smart Home ›

# Connect a Smart Home Device to Alexa

After you set up a compatible smart home device, enable the skill and then ask Alexa to discover your devices.

**Important:** Before you enable a smart home skill, please read Safety Information for Using Smart Home Devices with Alexa.

For smart home devices that connect to Echo Plus using a simple set up, go to Supported Smart Home Devices for Echo Plus.

**Before you begin:**

- Check your smart home device is compatible with Alexa.
- Complete setup for your smart home device, using the manufacturer's companion app or website.
- Connect the device to the same Wi-Fi network as your Alexa devices.
- Download the Alexa app on your mobile device, or use https://alexa.amazon.com.
- Download and install the latest software updates for your devices.

**Note:** To learn how to connect a smart home camera to Alexa, go to Use Smart Home Cameras with Alexa.

(https://www.amazon.com/gp/help/customer/display.html?nodeId=201749



(https://developer.amazon.com/public/binaries/content/assets/html/alexa-lighting-api.html.)

# EchoPlus ZigBee specs and device support 🔗

Currently, EchoPlus supports ZigBee Home Automation 1.2 (HA1.2) for device types including:

- In-wall switches
- Plugs and outlets
- Lights
- Locks

(https://developer.amazon.com/docs/smarthome/echo-plus-zigbee-support.html.)

26. On information and belief, the Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

27. Defendant was made aware of the '125 Patent and its infringement thereof at least as early as the date of service of the Complaint filed in this action. In the alternative, on information and belief, Defendant has been on actual notice of the claims of the '125 Patent, and of Plaintiff's theories of infringement thereof, since the date the '125 Patent issued on July 30, 2019.

28. The Accused Instrumentalities are configured to infringe, and do in fact infringe, at least one claim of the '125 Patent directly, as marketed, used, offered for sale, and/or sold by Defendant in the United States.

29. Additionally and/or in the alternative, and upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '125 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers, and end users, whose configuration and use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '125 Patent.

30. In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing advertising, instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting

infringement because Defendant has had actual knowledge of the '125 Patent and knowledge that its acts were inducing infringement of the '125 Patent since at least the date Defendant received notice that such activities infringed the '125 Patent.

31.     Additionally and/or in the alternative, and upon information and belief, Defendant is liable as a contributory infringer of the '125 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing into the United States the Accused Instrumentalities and components thereof, which are especially made or adapted for use in an infringement of one or more claims of the '125 Patent.  The Accused Instrumentalities are a material component for use in practicing one or more claims of the '125 Patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

32.     Since at least the date of issuing of the '125 Patent, Defendant has willfully infringed the claims of the '125 patent, based on prior litigation and the notice given to Defendant on May 6, 2019 in a letter to Amazon's counsel disclosing the impending issuance and attaching the notice of allowance containing the patent claims.  See Exhibit 2.

33.     Plaintiff has been harmed, and will continue to suffer harm, by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.     An adjudication that Defendant has infringed the '125 Patent;

B.     An award of damages to be paid by Defendant adequate to compensate Plaintiff for  Defendant's past infringement of the '125 Patent and any continuing or future infringement

through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

D. An award of damages to be paid by Defendant in the form of an ongoing royalty for all infringing manufacture, use, importation, and sale of infringing devices and products following trial in this matter and extending through the date the '125 Patent expires; and

E. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: October 18, 2019

Respectfully submitted,

/s/ *M. Scott Fuller*
Randall T. Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com
M. Scott Fuller
Texas Bar No. 24036607
sfuller@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

*Attorneys for Plaintiff Innovation Sciences, LLC*